UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

YASMEEN MITCHELL,

                Plaintiff,                              CV-05-4957 (SJF)(WDW)

   -against-

                                                      **OPINION & ORDER**

COUNTY OF NASSAU,
NASSAU COUNTY POLICE DEPARTMENT,
CABLEVISION SYSTEMS CORPORATION,
CABLEVISION SYSTEMS NEW YORK CITY
CORPORATION, DETECTIVE CHRISTOPHER J.
FERRO, in his individual and official capacities,
TONY VENTURELLA, in his individual and official
capacities, "JOHN DOE," in his individual and
official capacities, and JEFF EISEMAN, in his
individual and official capacities,

                Defendants.
------------------------------------------------------------X

FEUERSTEIN, J.

On October 24, 2005, plaintiff Yasmeen Mitchell (plaintiff) commenced this action against the County of Nassau, Nassau County Police Department and Detective Christopher J. Ferro (collectively, the County defendants) and Cablevision Systems Corporation, Cablevision Systems New York City Corporation, Tony Venturella, "John Doe" and Jeff Eiseman (collectively, the Cablevision defendants), pursuant to, *inter alia*, 18 U.S.C. §§1983, 1985 and 1986, alleging claims for malicious prosecution, false arrest, abuse of process, defamation and negligence. By order dated May 24, 2007 (the May Order), I granted in part and denied in part the Cablevision defendants' motion to dismiss the complaint as against them pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The Cablevision defendants now move

1

pursuant to Local Rule 6.3 for reconsideration of so much of the order as denied the branches of their motion (1) to dismiss plaintiff's claims pursuant to 42 U.S.C. § 1985 as against them, (2) to dismiss plaintiff's claims pursuant to 42 U.S.C. § 1986 as against Venturella, "John Doe" and Cablevision, and (3) to dismiss plaintiff's vicarious liability claims under §§ 1985 and 1986 as against Cablevision. For the reasons stated herein, the Cablevision defendants' motion is granted to correct the standard of review applied to the motion. Nevertheless, and utilizing the corrected standard of review, the Court adheres to the determination of the May Order.

I. DISCUSSION

Motions for reconsideration in this district are governed by Local Civil Rule 6.3 (Local Rule 6.3), which requires, *inter alia*, that a memorandum "setting forth concisely the matters or controlling decisions which counsel believes the court has overlooked" be served within ten (10) days after the entry of the court's order * * *." (emphasis omitted). The requirements of Local Rule 6.3 are strictly construed. See, Gastelu v. Breslin, No. 03 CV 1339, 2005 WL 2271933, at *1 (Sept. 12, 2005); U.S. v. Gross, No. 98 CR 0159, 2002 WL 32096592, at * 3 (E.D.N.Y. Dec. 5, 2002).

Since the order of which plaintiff seeks reconsideration was entered on May 29, 2007, plaintiff's motion for reconsideration, filed on June 12, 2007, is timely.

In determining a motion for reconsideration, the court should consider (1) whether there has been an intervening change of controlling law; (2) whether there is new evidence presented that was not previously available on the original motion; and (3) whether there is a need to correct a clear error or prevent manifest injustice. Burrell v. United States, 467 F.3d 160, 165, n.

2

3 (2d Cir. 2006); Taylor v. Cuomo, CV-07-2138, 2008 WL 63283, at * 1 (E.D.N.Y. Jan. 3, 2008). It is within the sound discretion of the district court whether or not to grant a motion for reconsideration. Cornett v. Brown, No. 04-CV-0754, 2007 WL 2743485, at * 3 (E.D.N.Y. Sept. 17, 2007); Gross, 2002 WL 32096592, at * 4.

The standard of review applied in the May Order was whether "it appears beyond a doubt that plaintiff can prove no set of facts in support of his claim that would entitle him to relief." Levitt v. Bear Stearns & Co., 340 F.3d 94, 101 (2d Cir. 2003); see also Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). However, three (3) days prior to the issuance of that order, the Supreme Court, in Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), rejected that standard of review and replaced the "no set of facts" language with the requirement that a plaintiff plead sufficient facts "to state a claim for relief that is plausible on its face." Id. at 1974. The pleading of specific facts is not required; rather a complaint need only give the defendant "fair notice of what the * * * claim is and the grounds upon which it rests." Erickson v. Pardus, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007). A "formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atlantic, 127 S.Ct. at 1959.

However, Bell Atlantic "explicitly disclaimed that it was 'requir[ing] heightened fact pleading of specifics,' * * *, *and emphasized the continued viability of Swierkiewicz*, * * * which had rejected a heightened pleading standard." Iqbal v. Hasty, 490 F.3d 143, 156 (2d Cir. 2007) (emphasis added) (internal citations omitted); see also Boykin v. Keycorp, ___ F.3d ___, 2008 WL 817111, at * 7 (2d Cir. Mar. 27, 2008) (recognizing that Bell Atlantic affirmed the vitality of

3

Swierkiewicz and explained that it did not "require heightened fact pleading of specifics). Accordingly, the Second Circuit has interpreted the new standard of review as "not requiring a universal standard of heightened fact pleading, but is instead requiring a flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim *plausible*." Iqbal, 490 F.3d at 157-158 (emphasis in original)[1]; see also Boykin, 2008 WL 817111, at * 8 (agreeing that Bell Atlantic focused on the plausibility of the plaintiff's claim for relief, but stating that Iqbal "does not offer much guidance to plaintiffs regarding when factual 'amplification [is] needed to render [a] claim *plausible*."). Although a "heightened fact pleading of specifics" is not required, In re Elevator Antitrust Litigation, 502 F.3d 47, 2007 WL 2471805, at * 2 (2d Cir. Sept. 4, 2007), enough facts must be pled to "'nudge [plaintiff's] claims across the line from conceivable to plausible.'" Id. at * 2 (citing Bell Atlantic, 127 S.Ct. at 1974).

Accordingly, the standard of review that should have been applied to the Cablevision defendants' motion to dismiss pursuant to Rule 12(b)(6) was the more flexible "plausibility standard," i.e. whether the complaint set forth allegations "plausibly suggesting" liability. Williams v. Berkshire Financial Group, Inc., 491 F.Supp.2d 320, 324 (E.D.N.Y. 2007). Thus, the Cablevision defendants' motion for reconsideration is granted to correct the standard of review applied to their motion.

However, Bell Atlantic did not change the requirement that the Court must liberally

---

[1] The Second Circuit also noted that under the plausibility standard, "a conclusory allegation concerning some elements of a plaintiff's claims might need to be fleshed out by a plaintiff's response to a defendant's motion for a more definite statement." Iqbal, 490 F.3d at 158.

4

construe the claims, accept all factual allegations in the complaint as true, and draw all reasonable inferences in favor of the plaintiff. See Roth v. Jennings, 489 F.3d 499, 510 (2d Cir. 2007). Upon reconsideration applying the plausibility standard of review, I adhere to the ultimate outcome of the prior order. Plaintiff identifies herself as an African-American in the complaint and alleges that the Cablevision defendants conspired with the County defendants to deprive her of (1) equal protection of the law by unlawfully stopping and accusing, falsely detaining and imprisoning and wrongfully arresting her without any legal justification or basis; and (2) her due process rights by searching, seizing and charging her with criminal acts without probable cause or investigation. (Compl. ¶¶ 166-180). Specifically, with respect to the individual Cablevision defendants, plaintiff alleges, *inter alia*, that they knowingly filed false criminal complaints and conspired to violate the civil rights of innocent minority people by using the NCPD as a collection agency. (Compl. ¶¶ 169-172). As the complaint, *inter alia*, identifies the particular events giving rise to plaintiff's claim against the Cablevision defendants and alleges that the Cablevision defendants acted in concert with the County defendants to coerce plaintiff, and other minority residents of her apartment complex, into making certain payments to the Cablevision defendants, such allegations, if proven at trial, could support an inference of a conspiracy motivated by racial animus on the part of the Cablevision defendants. See, e.g. McCray v. City of New York, No. 03 Civ. 9685, 2007 WL 4352748, at * 23 (S.D.N.Y. Dec. 11, 2007) (finding that the plaintiff alleged sufficient facts to render a civil rights conspiracy claim plausible where they alleged that the defendant police officers and prosecutors acted in concert to coerce and fabricate statements and conceal exculpatory evidence). As recently noted by the Second Circuit, the Supreme Court has "explicitly disavow[ed] that Rule

5

8(a) requires any plaintiff * * * to plead 'specific facts.'" Boykin, 2008 WL 817111, at * 9 (citing Bell Atlantic, 127 S.Ct. at 1973-1974 and Erickson, 127 S.Ct. at 2200). "There is no heightened pleading requirement for civil rights complaints alleging racial animus, * * * and * * * such claims [are] sufficiently pleaded when the complaint state[s] simply that plaintiff are African-Americans, describe[] defendants' actions in detail, and allege[] that defendants selected [plaintiffs] for maltreatment solely because of their color." Boykin, 2008 WL 817111, at * 10 (internal quotations and citations omitted). As plaintiff's complaint provides the Cablevision defendants with ample notice of what her claims are and of the grounds upon which it rests, see Erickson, 127 S.Ct. at 2200, the branches of the Cablevision defendants' motion (1) to dismiss plaintiff's claims pursuant to 42 U.S.C. § 1985 as against them, (2) to dismiss plaintiff's claims pursuant to 42 U.S.C. § 1986 as against Venturella, "John Doe" and Cablevision, and (3) to dismiss plaintiff's vicarious liability claims under §§ 1985 and 1986 as against Cablevision are denied.

III. CONCLUSION

Reconsideration of the prior order dated May 24, 2007 is granted to the extent of correcting the standard of review to be applied to the Cablevision defendants' motion to dismiss. Upon reconsideration of the motion to dismiss under the correct standard of review, I adhere to the ultimate outcome of the May Order. The parties are directed to appear in my courtroom at 1010 Federal Plaza, Central Islip, New York on **May 7, 2008 at 11:30 a.m.** for a settlement and/or scheduling conference with authority or persons with authority to resolve this

action. Further, the parties are directed to engage in good faith settlement negotiations prior to the conference.

SO ORDERED.

_____
SANDRA J. FEUERSTEIN
United States District Judge

Dated: April 17, 2008
       Central Islip, New York

Copies to:

Law Offices of
Frederick K. Brewington, Esq.
50 Clinton Street, Suite 501
Hempstead, New York 11550
Attn: Gregory Calliste, Jr.

Nassau County Attorney's Office
One West Street
Mineola, New York 11501
Attn: Sara A. Wells
      Jennean R. Rogers

Akin Gump Strauss Hauer & Feld, LLP
590 Madison Avenue
New York, New York 10022
Attn: Christine D. Doniak
      Richard B. Zabel